UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

SHADRICK AMONS                                                    CIVIL ACTION

VERSUS                                                                     NO. 1:21-CV-0129

LIFE INSURANCE COMPANY OF NORTH AMERICA,
EXXONMOBIL CORPORATION and ADMINISTRATOR - BENEFITS,
EXXONMOBIL CORPORATION

## COMPLAINT

The Complaint of Shadrick Amons respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits and all other benefits/damages that the facts and the law may provide.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Shadrick Amons**, of lawful age and a resident of Beaumont, Texas, is a plan participant and beneficiary of a disability plan created by his employer, Exxon Mobil Corporation.

4. **Defendant, Life Insurance Company of North America ("LINA"),** is a foreign corporation, doing business in Texas. LINA served as the claims administrator for the ExxonMobil Disability plan.

5. **Defendant, ExxonMobil Corporation ("ExxonMobil"),** is the plan sponsor of the ExxonMobil Disability plan.  Upon information and belief, ExxonMobil is incorporated in the state of Texas and its principal place of business and corporate headquarters are located in Irving, Texas.

6. **Defendant, Administrator-Benefits,** is the Plan Administrator for the ExxonMobil Disability Plan.

7. ExxonMobil provides short and long term disability benefits to the employees of Exxon Mobil Corporation. Plaintiff is a beneficiary of the plan.

8. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

9. Plaintiff was forced to take disability leave in November 2018 due to his medical condition, including an injury to his arm that occurred November 2018.

10. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

11. Plaintiff is disabled under the terms of the short and long term disability plan.

12. Defendants claim that they have paid the full extent of Plaintiff's short term disability benefits that are due to Plaintiff.

13. Plaintiff is owed additional short term disability benefits.

14. Plaintiff is also owed long term disability benefits.

15. Defendants originally denied Plaintiff's request for LTD benefits by asserting vaguely that Amons was not eligible for LTD benefits without clearly explaining its reasoning behind this decision.

16. Plaintiff submitted an appeal of this decision explaining that the fact that Plaintiff's employment had ended in February 2019 was not a valid reason to deny Plaintiff's disability benefits. This is because Plaintiff was claiming disability benefits retroactive to November 2018 for an injury that occurred at the time. Plaintiff explains that he has been disabled since November 2018 and therefore entitled to benefits.

17. Plaintiff further explained in his appeal that his job required physical requirements that he could not perform and that he would need accommodations in order to perform his job. ExxonMobil told him that they could accommodate such restrictions and asked him to return to work. On the same day that he showed up to work, he was immediately asked to resign.

18. Plaintiff also submitted, out of an abundance of caution, an alternative claim for disability benefits with a start date in February 2019.

19. Defendants denied Plaintiff's appeal asserting that Plaintiff was not eligible for LTD benefits because he was terminated for reasons other than his incapacity.

20. Regardless of the reasons that Defendants terminated Plaintiff in February 2019, Plaintiff is entitled to retroactive disability benefits because he became disabled retroactive to November 2018.

21. Defendants wrongfully denied Plaintiff short and long term disability benefits he is entitled to under terms of the disability plan.

22. Plaintiff appealed the denials, but Defendants upheld its previous decision.

23. Defendants' denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

24. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Defendants' denial of benefits.

25. Defendants have abused any purported discretionary authority by failing to consider Plaintiff's medical condition in relation to the actual duties of his occupation.

26. Defendants administered Plaintiff's claim with an inherent and structural conflict of interest as Defendant is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Defendant's assets.

27. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

28. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

29. Additionally, Defendants wrongfully terminated Plaintiff's employment under ERISA § 510, 29 U.S.C. § 1140.

30. Defendants conduct unlawfully interfered with Plaintiff's rights to retroactive and future benefits under the Plan, as all of Plaintiff's benefits allegedly ceased when he was terminated.

31. Defendants decision to terminate Plaintiff was motivated by a desire to avoid significant expenses associated with Plaintiff's continued employment, including but not limited to paying short and long-term disability benefits and all other benefits Plaintiff would be entitled to under the plan.

32. Defendants' termination of Plaintiff's employment was done with the intention and effect of discharging, disciplining, and discriminating against Plaintiff for exercising his rights to disability benefits under the Defendant Plan, and for the purpose of interfering with Plaintiff's enjoyment of his rights to disability benefits and other welfare benefits under the Plan.

33. Defendant's decision to terminate Plaintiff in order to avoid having to pay continuing employee-welfare-benefit costs caused Plaintiff emotional distress.

34. Plaintiff is entitled to relief under ERISA 502(a)(3), 29 USC Sec. 1132(a)(3), including back pay, front pay, short and long term disability benefits, reinstatement of employment, emotional distress damages, and compensatory damages.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. To the extent necessary, for reinstatement of employment or front and back pay,
3. For all reasonable attorney fees;
4. For costs of suit; and
5. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/Reagan L. Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313) 692-5927
Email: rtoledano@willefordlaw.com